```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOSEPH OPPERISANO,

                        Plaintiff,

            -against-

ERIC HILDERBRAND, Legal Aid Society;
CITY OF NEW YORK; and SUPREME COURT
OF THE STATE OF NEW YORK,
COUNTY OF KINGS,

                        Defendants.
----------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 24 2012 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

12-CV-4558 (MKB)

MARGO K. BRODIE, United States District Judge:

On September 7, 2012, plaintiff Joseph Opperisano, who is currently incarcerated at Rikers Island, brought this *pro se* civil rights action. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. However, for the reasons discussed below, the Complaint is dismissed.

## BACKGROUND

Plaintiff alleges that he was denied the right to testify at his grand jury proceedings because his assigned counsel, defendant Joseph Hilderbrand, of the Legal Aid Society, waived his right to testify without properly explaining his options to him. Plaintiff alleges that Hilderbrand's actions violated his Sixth Amendment right to counsel and demands millions of dollars in damages.

Subsequent to filing this complaint, on September 12, 2012, plaintiff pled guilty to one count of Criminal Contempt in the Second Degree. He is scheduled to appear for sentencing on October 10, 2012. *See http://iapps.courts.state.ny.us/webcivil/ecourtsMain*, Case Number 02377-2012 (last visited 9/20/12).

## DISCUSSION

### A. Standard of Review

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Pacheco v. Connecticut,* 471 F. App'x 46, 47 (2d Cir. 2012) (summary order) (upholding *sua sponte* dismissal of a *pro se* complaint under § 1915A); *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (discussing dismissal under the statute). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *see also Abbas,* 480 F.3d at 639. (A court "must liberally construe [*pro se*] pleadings, and must interpret [*pro se*] complaint to raise the strongest arguments it suggest."). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000); *Abbas,* 480 F.3d at 639 (A court "must accord the inmate an opportunity to amend the complaint 'unless the court can rule out any possibility,

2

however unlikely it might be, that an amended complaint would succeed in stating a claim.'" (citations omitted)).

**B.    Claims Against a Private Attorney**

A claim for a Sixth Amendment violation of the right to counsel is cognizable under 42 U.S.C. § 1983 ("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of *state* law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added) (citation omitted); *see also Filarsky v. Delia*, 566 U.S. __, 132 S.Ct. 1657, 1661–62 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell*, 13 F.3d at 547.

"[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997); *see also Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) (summary order) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client[.]"); *Nealy v. Berger*, 08-CV-1322 JFB AKT, 2009 WL 704804, at *4 (E.D.N.Y. Mar. 16, 2009) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, can act under the color of state law." (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Accordingly, plaintiff's civil rights claims against his Legal Aid attorney must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

## C. Claims Against the City of New York

Plaintiff also names the City of New York as a defendant, although he does not include any specific allegations against the City. In any case, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) *cert. denied*, 132 S. Ct. 1741 (2012). ("A municipality may be liable under § 1983 only 'if the governmental body itself "subjects" a person to a deprivation of rights or causes' a person to be subjected to such deprivation.' ... In short, to establish municipal liability under § 1983, a plaintiff must prove that 'action pursuant to official municipal policy' caused the alleged constitutional injury." (citations omitted) (internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *see also Berry v. Vill. of Millbrook*, 815 F. Supp. 2d 711, 717 (S.D.N.Y. 2011) (a municipality may not be held liable under Section 1983 'by application of the doctrine of *respondeat superior*.'" Instead, there must be a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" (citations omitted)). Plaintiff does not allege any unconstitutional activity attributable to the City of New York. Accordingly, all claims against the City of New York are also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

## D. Claims Against the State Court

Plaintiff's claims against the Supreme Court of the State of New York, Kings County, must also be dismissed because the Kings County Court, as an arm of the state, cannot be sued

4

under § 1983. The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Gollomp v. Spitzer*, 568 F.3d 355, 367 (2d Cir. 2009) (New York State Unified Court System is immune from suit under the Eleventh Amendment.). Accordingly, all of plaintiff's claims against the Supreme Court of New York, Kings County, are dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

For the reasons stated above, the Court finds that none of the defendants is amenable to suits for damages. Accordingly, this action is hereby dismissed pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

S/Judge Brodie
MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
September 24, 2012

5